**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
TYSON RATLIFF,                      : Civil Action No. 11-4423 (JAP)
                                    :
            Plaintiff,              :
                                    :          **O P I N I O N**
        v.                          :
                                    :
MIDDLESEX COUNTY PROSECUTORS        :
OFFICE, et al.,                     :
                                    :
            Defendants.             :
_____ :

**APPEARANCES:**

Tyson Ratliff, Pro Se
#644194/ SBI #752110B
Northern State Prison
P.O. Box 2300
Newark, NJ 07114

**PISANO, District Judge**

    Plaintiff Tyson Ratliff, a prisoner at the Northern State Prison, Newark, New Jersey, has submitted a pro se complaint alleging violations of his civil rights. Plaintiff has not paid the filing fee, and seeks permission to proceed in forma pauperis. Based on Plaintiff's affidavit of indigence, this Court will grant his request.

    At this time, the Court must review the complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who

is immune from such relief, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). For the following reasons, the complaint will be dismissed.

## BACKGROUND

Plaintiff states that on October 4, 2008, he was arrested and falsely imprisoned on allegations that he possessed a weapon. He was incarcerated for sixteen months. In November 2008, defendants attempted to force Plaintiff to take a guilty plea, and on March 6, 2010, a trial by jury was held. Although Plaintiff asserts he was maliciously prosecuted, he does not state that he has had a favorable termination. He alleges that defendants were not properly trained, and that he was falsely imprisoned for false charges of possession of a weapon.

Plaintiff seeks to sue the Middlesex County Prosecutor's Office, the New Brunswick Police Department, and various lawyers and others involved in his prosecution. He seeks monetary relief.

## DISCUSSION

**A.   Legal Standard**

   **1.   Standards for a *Sua Sponte* Dismissal**

The Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity. The Court is required

to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).  This action is subject to sua sponte screening for dismissal under both 28 U.S.C. §§ 1915(e)(2)(B) and 1915A because Plaintiff is proceeding as an indigent and is a prisoner.

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976)); see also United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).

The Supreme Court refined the standard for summary dismissal of a complaint that fails to state a claim in Ashcroft v. Iqbal, 556 U.S. 662 (2009).  The Court examined Rule 8(a)(2) of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Citing its opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) for the proposition that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 555), the Supreme Court held that, to prevent a summary dismissal, a civil complaint must now allege "sufficient factual matter" to show that the claim is

facially plausible. This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009)(citing Iqbal, 129 S. Ct. at 1948).

The Supreme Court's ruling in Iqbal emphasizes that a plaintiff must demonstrate that the allegations of his complaint are plausible. See Iqbal, 129 S. Ct. at 1949-50. See also Twombly, 505 U.S. at 555, & n.3; Warren Gen. Hosp. v. Amgen Inc., 643 F.3d 77, 84 (3d Cir. 2011). "A complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." Fowler, 578 F.3d at 211 (citing Phillips v. County of Allegheny, 515 F.3d 224, 234-35 (3d Cir. 2008)).

### 2. Section 1983 Actions

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting

under color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994); Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011).

**B.   Plaintiff's Claims**

Plaintiff asserts that he was maliciously prosecuted and falsely imprisoned on weapons charges.

> To prove malicious prosecution, a plaintiff must show that: (1) the defendant initiated a criminal proceeding; (2) the criminal proceeding ended in his favor; (3) the defendant initiated the proceeding without probable cause; (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding.

Johnson v. Knorr, 477 F.3d 75, 81-82 (3d Cir. 2007) (footnote omitted); see also Hartman v. Moore, 547 U.S. 250 (2006); Baker v. Wittevrongel, 363 Fed. App'x 146 (3d Cir. 2010); Kossler v. Crisanti, 564 F.3d 181, 186-87 (3d Cir. 2009).  Moreover, to state a claim under § 1983 against an individual, a "plaintiff must plead that each Government-official defendant, through the official's own actions, has violated the Constitution."  Iqbal, 129 S. Ct. at 1948.

In this case, Plaintiff has not pled a case for malicious prosecution.  He has not shown that the criminal proceeding ended in his favor.  As such, his claim must be dismissed under § 1915(e)(2)(B)(ii) and § 1915A(b)(1).

Further, the Court notes that the prosecutors and attorneys involved in Plaintiff's criminal case are not subject to suit under § 1983.  See Polk County v. Dodson, 454 U.S. 312, 325

(1981) (holding that public defenders do not act under color of state law); Steward v. Meeker, 459 F.2d 669 (3d Cir. 1972) (privately-retained counsel does not act under color of state law when representing client); Thomas v. Howard, 455 F.2d 228 (3d Cir. 1972) (court-appointed pool attorney does not act under color of state law); see also Imbler v. Pachtman, 424 U.S. 409 (1976) (state prosecutors are immune from damages for actions taken in their official prosecutorial capacities).

Moreover, any attempts to challenge the fact or duration of Plaintiff's confinement must be raised in a petition for a writ of habeas corpus. See Preiser v. Rodriguez, 411 U.S. 475 (1973). Plaintiff cannot challenge his state court criminal conviction in this § 1983 action. Nor can he seek monetary relief for an unconstitutional conviction or sentence until that conviction or sentence has been invalidated. See Heck v. Humphrey, 512 U.S. 477, 489-90 (1994). Here, Plaintiff has not pled that he had any convictions or sentences overturned. Thus, his claims are not ripe for consideration of monetary damages.

## CONCLUSION

For the foregoing reasons, the complaint will be dismissed. An appropriate Order accompanies this Opinion.

/s/ Joel A. Pisano
JOEL A. PISANO
United States District Judge

Dated:    May 7, 2012